[No. 4082.]

## Jeff Cain v. The State.

Theft—Evidence.—See the opinion for the substance of evidence adduced upon a trial for theft *held* insufficient to support a conviction, because, under the circumstances of the case, it fails to establish a fraudulent intent at the time of the taking.

Appeal from the District Court of Travis. Tried below before the Hon. A. S. Walker.

The conviction in this case was for the theft of a locket and necklace, of value exceeding twenty dollars, the property of Mary Marshall, in Travis county, Texas, on the tenth day of December, 1883. A term of three years in the penitentiary was the penalty awarded by the jury.

The opinion sufficiently discloses the case.

*Walker Moore* and *Robert G. West*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

Hurt, Judge. This is a conviction for theft. The material facts in evidence were that the prosecuting witness, the alleged owner of the stolen property, had for some time served the defendant in the capacity of mistress, they living together as man and wife. They came to Austin together. After reaching Austin they did not live together. The witness had a room at a hotel in the city. In the month of August or September, defendant visited her in that room. They disagreed about the witness going to a place called "Pressler's garden." The property (a locket and chain) was lying on the table in the room. The defendant took it, as he said, to prevent the witness going to the garden. The witness did not consent to the taking. She repeatedly asked the defendant for it, he giving some excuse for not returning it. In December following he sold the articles to a pawn broker, claiming to be the owner. The pawn broker kept them about a year, and sold them to another pawn broker, from whom they were recovered by the witness in an action at law. When informed that this action was pending, the defendant

claimed ownership, and promised that evidence should be forth-coming to prove his claim, but failed to produce the evidence. The indictment was presented November 28, 1885.

The learned trial judge charged the jury that, "if the jury are not satisfied from the testimony that the taking was fraudulent, they will acquit. And, if the testimony should show that the defendant took the property only to keep said Mary Marshall from attending at Pressler's garden, then they will acquit the defendant." This was the law of the case, and the question, under the rule thus announced, was, is the evidence sufficient to warrant the conclusion arrived at by the jury, that, at the time of the taking, the fraudulent intent existed in the mind of the defendant? Taking into consideration the relations of the par-ties and the length of time which elapsed from the date of the taking, and the time of the conversion, we are not satisfied to let this conviction stand.

Because the evidence is insufficient to show a fraudulent intent at the time of the taking, the judgment is reversed and the cause remanded.